IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>v.<br><br>JOSE LEYVA-MARTINEZ,<br><br>            Defendant. | 8:21CR232<br><br>MEMORANDUM<br>AND ORDER |

On January 6, 2023, defendant Jose Leyva-Martinez ("Leyva-Martinez") pleaded guilty to conspiring to distribute and possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 846, and possessing a firearm during a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). The conspiracy charge carries a statutory mandatory minimum of ten years. The gun charge is subject to a five-year mandatory minimum that must run consecutive to the sentence on the predicate charge.

In addition to the seizure of the gun and a large quantity of drugs, $468,990 in United States currency was seized from Leyva-Martinez's home as a result of the investigation. Leyva-Martinez forfeited that money and other real and personal property to the government (Filing No. 126).

In his written plea agreement with the government (Filing No. 100), Leyva-Martinez agreed to a "sentencing range of 240-300 months." *See* Fed. R. Crim. P. 11(c)(1)(C) (making such a range binding "once the court accepts the plea agreement"). He also waived "the right to seek or receive a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2)" and entered a conditional stipulation of removal from the United States after serving his criminal sentence.

The Court sentenced Leyva-Martinez on March 31, 2023. In line with his plea agreement, the Court sentenced him to 210 months for the conspiracy and 60 months

consecutive on the gun charge for a total of 270 months. His sentence was at the bottom end of his advisory United States Sentencing Guidelines ("U.S.S.G." or "guidelines") range.

Leyva-Martinez is currently serving that sentence at the low-security Federal Correctional Institution at Beaumont, Texas. His projected release date is October 7, 2040.

Having served a small fraction of the sentence the Court carefully imposed just months ago, Leyva-Martinez seeks "compassionate release"[1] or at least a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) (Filing No. 141). As Leyva-Martinez acknowledges, district courts generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *accord Rodriguez-Mendez*, 65 F.4th at 1001 (citing *Dillon v. United States*, 560 U.S. 817, 819 (2010)). Section 3582(c)(1)(A)(i), as amended by the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194 (2018), creates an important exception to that general rule. That statute now authorizes the Court to reduce Leyva-Martinez's "sentence, after considering the factors set forth in 18 U.S.C. § 3553(a), if it finds that 'extraordinary and compelling reasons warrant such a reduction,' and that 'such a reduction is consistent with the applicable policy statements issued by the [United States Sentencing Commission ("Sentencing Commission")].'"[2] *United States v. Crandall*, 25 F.4th 582, 583 (8th Cir. 2022) (quoting 18 U.S.C. § 3582(c)(1)(A)).

---

[1] Motions for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) are often informally referred to as motions "for compassionate release." *United States v. Rodriguez-Mendez*, 65 F.4th 1000, 1001 (8th Cir. 2023).

[2] Section 3582(c)(1)(A) also imposes some procedural requirements on an inmate before he can directly move the sentencing court for a reduction. *See United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020) (explaining a defendant "must at least ask" the Bureau of Prisons ("BOP") to make a motion on his behalf and give it thirty days to respond to his request). Based on Leyva-Martinez's submission, he appears to have met those requirements for judicial review by submitting his request for relief to his warden on June 26, 2023. *See id.*

The Court's inquiry is an individualized one. *See United States v. Marcussen*, 15 F.4th 855, 857-48 (8th Cir. 2021). Whether to grant a reduction and to what degree are matters that fall within the Court's broad discretion in sentencing. *See United States v. Davis*, 19 F.4th 1083, 1086 (8th Cir. 2021); *Marcussen*, 15 F.4th at 859.

In evaluating a request for a sentence reduction, the Court considers the nature and circumstances of the offenses of conviction; the defendant's history and characteristics; and the need for the sentence to reflect the seriousness of their crime, to promote respect for the law, and to provide just punishment for the offenses. *See* 18 U.S.C. § 3553(a). An appropriate sentence should also deter criminal conduct, protect the public, and promote rehabilitation. *See id.; accord United States v. Avalos Banderas*, 39 F.4th 1059, 1061 (8th Cir. 2022) ("That the inmate presented a potential danger to the public if released is also a permissible consideration.") (citing 18 U.S.C. § 3553(a)(2)(C)).

Although its guidance is not binding, this Court has traditionally found the policy statement in U.S.S.G. § 1B1.13 and its commentary helpful in deciding whether to grant sentencing relief under § 3582(c)(1)(A). *See Marcussen*, 15 F.4th at 859 (allowing that practice); *accord United States v. Jenkins*, 50 F.4th 1185, 1196 (D.C. Cir. 2022) (concluding "the district court permissibly relied on section 1B1.13 and its commentary to inform the exercise of its discretion"); *United States v. Ruvalcaba*, 26 F.4th 14, 21 (1st Cir. 2022) (aligning itself "with the overwhelming majority of" circuit courts in holding "that a district court is not constrained by the existing policy statement on compassionate release when adjudicating a motion brought by a prisoner"). For now, the first application note to § 1B1.13 lists four general categories of qualifying circumstances: (1) the defendant's terminal illness or other serious medical condition; (2) the defendant's advanced age and deteriorating health; (3) dire family circumstances; and (4) other "extraordinary and compelling" reasons as determined by the BOP Director. U.S.S.G. § 1B1.13 cmt. n.1. The defendant's rehabilitation may be relevant but "is not, by itself, an extraordinary and

3

compelling reason for purposes of [§ 1B1.13]." *Id.* § 1B1.13 cmt. n.3; *see also United States v. Saldana*, No. 19-7057, 2020 WL 1486892, at *3 (10th Cir. Mar. 26, 2020).

Some changes to § 1B1.13 appear to be on the way. *See Rodriguez-Mendez*, 65 F.4th at 1004 (discussing those "significant changes"). On April 5, 2023, the Sentencing Commission announced some amendments to pertinent sections of the guidelines to respond to the First Step Act and expand defendants' ability to obtain sentencing reductions on their own. *See* U.S. Sentencing Comm'n, *Amendments to the Sentencing Guidelines (Preliminary)* available at https://www.ussc.gov/topic/compassionate-release. Presumably going into effect on November 1, 2023, unless Congress intervenes, the amendments add two new categories of "extraordinary and compelling reasons" for victims of abuse and defendants with "unusually long sentences" and broaden several existing categories, including those for certain medical conditions and family circumstances. One of those expanded categories addresses the death or incapacity of the caregiver of the defendant's minor children. *See id.*

Of course, the proposed changes are not yet binding, but they are still useful in understanding the Sentencing Commission's view of the First Step Act and in evaluating Leyva-Martinez's specific request for relief. *See Rodriguez-Mendez*, 65 F.4th at 1002, 1004. Leyva-Martinez really only gives one reason to release him—his children. He says his 12-year-old daughter "literally sobs, and cries for her father to come home as Leyva's wife, literally <u>abandoned</u> their children for another man, and the children literally don't know what to do." Leyva-Martinez reports "the older children," ages 15, 16, and 17, "take care of the youngest one, to the best of their ability, but the love can only come from a parent, that is missing from a parent." In Leyva-Martinez's view, his "children being literally deserted by his wife and the mother of the children is astounding, and warrants a serious 'look' at this situation for compassionate release for [him]."

Having taken that serious look, the Court does not doubt that Leyva-Martinez's prison sentence has caused his family great hardship and heartache. They nearly always

do, especially for the innocent children left behind. Letters the Court received from three of his children give an insight into the pain Leyva-Martinez's absence has caused. Showing remarkable strength and bravery in the face of dire circumstances they did nothing to create, Leyva-Martinez's children relay some of the difficulties they face with their father in prison. They miss him and selflessly ask for mercy and compassion on his behalf. Their words are moving, and the Court is grateful for—and has thoughtfully considered—the information they have shared.

At the same time, Leyva-Martinez's submission and supporting materials do not fully support his claim that his wife has completely abandoned his children to serve her own interests. *See United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022) (explaining "the inmate bears the burden to establish that compassionate release is warranted"). The limited record on this issue indicates Leyva-Martinez's wife spends time away from her children so she can work to provide for her family in Leyva-Martinez's absence. As hard and tragic as that is, it is a far cry from abandoning her children to fend for themselves. It was also foreseeable to Leyva-Martinez when he committed his crimes that she may be in that position—forced to support their family without him.

Even with Leyva-Martinez's unsupported allegations of child abandonment, it is not clear that Leyva-Martinez's situation is "extraordinary and compelling" given the totality of the circumstances in this case. Without them, it is—unfortunately—hard to say the situation is extraordinary at all. Every inmate has a family they leave behind. The Court does not discount the difficulties Leyva-Martinez's children face. But it must put them in context and weigh them against the other § 3553(a) factors, including the seriousness of Leyva-Martinez's offenses and the need for his sentence "to promote respect for the law," "to provide just punishment," and "to afford adequate deterrence." *Id.* at § 3553(a)(1), (2).

Additionally, to the extent it was warranted, the Court accounted for Leyva-Martinez's familial circumstances in analyzing the § 3553(a) factors in this case and imposing his bottom-of-the-guidelines sentence just a few months ago. Leyva-Martinez's

5

circumstances have not changed so much in that short time that he should be released now—particularly in light of the binding sentencing range he negotiated with the government and the likelihood of his removal if released. *Cf. United States v. DeFoggi*, No. 22-2327, 2023 WL 4112142, at *2 (8th Cir. June 22, 2023) (unpublished per curiam) (noting "personal circumstances of defendant must have changed after sentencing in way that is extraordinary and compelling before court may reduce sentence") (citing *United States v. Hunter*, 12 F.4th 555, 569-70 (6th Cir. 2021)).

The Court also questions the propriety of granting Leyva-Martinez's request for a reduction in light of his mandatory-minimum sentence. Like the Seventh Circuit, this Court harbors some "broader concerns with allowing § 3582(c)(1)(A) to serve as the authority for relief from mandatory minimum sentences prescribed by Congress," *United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021) (proposing limits on § 3582(c)(1)(A) but leaving open the possibility that certain "extraordinary and compelling individual circumstances, such as a terminal illness," might support "a discretionary sentencing reduction of a mandatory minimum sentence"); *see also United States v. Peebles*, No. 8:18CR336, 2020 WL 7495291, at *3 (D. Neb. Dec. 21, 2020) (questioning whether § 3582(c)(1)(A) authorizes courts to ignore mandatory minimums set by Congress). *But see United States v. Halvon*, 26 F.4th 566, 570 (2d Cir. 2022) (per curiam) (holding "that a mandatory minimum sentence does not preclude a district court from reducing a term of imprisonment on a motion for compassionate release"); *United States v. Trenkler*, 47 F.4th 42, 48 (1st Cir. 2022) ("[U]until the Sentencing Commission speaks, the only limitation on what can be considered an extraordinary and compelling reason to grant a prisoner-initiated motion is rehabilitation."). Those concerns are magnified when the request for a reduction comes just months after sentencing with little occurring in the way of intervening changes in the inmate's circumstances.

In any event, the Court is not convinced on this record that Leyva-Martinez is entitled to any sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i), let alone one below

his mandatory-minimum sentence. Therefore, his request for compassionate release (Filing No. 141) is denied.

 IT IS SO ORDERED.

Dated this 13th day of September 2023.

BY THE COURT:

*Robert F. Rossiter, Jr.*
Robert F. Rossiter, Jr.
Chief United States District Judge