IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:21CR232 |
| v. | |
| JOSE LEYVA-MARTINEZ, | ORDER ON INITIAL REVIEW |
| Defendant. | |

On January 6, 2023, defendant Jose Leyva-Martinez ("Leyva-Martinez") pleaded guilty to conspiring to distribute and possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 846, and possessing a firearm during a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). In accordance with Leyva-Martinez's written plea agreement, *see* Fed. R. Crim. P. 11(c)(1)(C), the Court sentenced him to 210 months on the drug charge and 60 months on the gun charge.

Now before the Court is Leyva-Martinez's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 147). He has also submitted a brief in support of his motion (Filing No. 148).

As grounds for relief, Leyva-Martinez asserts his counsel, Chinedu Igbokwe ("Igbokwe"), provided "ineffective assistance of counsel in violation of Strickland v. Washington, 466 U.S. 668, 688, 694 (1984)." More specifically, Leyva-Martinez contends Igbokwe (1) "grossly misinformed [him] of his sentencing exposure in discussing the plea agreement" and "failed to properly advise [him] of the term of imprisonment he could face by accepting the plea bargain," (2) "was ineffective for not challenging the specific facts leading to" the drug quantity attributed to him and the illegal search of his house, and (3) was ineffective for failing to advise the Court "that as a deportable defendant" Leyva-Martinez was eligible for a departure or variance under *United States v. Smith*, 27 F.3d 649,

651 (D.C. Cir. 1994). Leyva-Martinez requests that he be resentenced to the fifteen years he says Igbokwe advised him was the most he would get under the plea agreement or any other relief the Court deems just.

The Court's initial review of Leyva-Martinez's motion is governed by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Under Rule 4(b), the Court must order the United States Attorney to respond to the motion (or take other appropriate action), unless "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." *Id.*

Although Leyva-Martinez expressly waived most of his rights to appeal and collaterally attack his conviction and sentence in his plea agreement (Filing No. 100), he retained the right to raise claims for "post-conviction relief based on ineffective assistance of counsel." To succeed on those claims, Leyva-Martinez "must show that counsel's performance was 'deficient' and that the 'deficient performance prejudiced the defense.'" *Walking Eagle v. United States*, 742 F.3d 1079, 1082 (8th Cir. 2014) (quoting *Strickland*, 466 U.S. at 687).

Having carefully reviewed Leyva-Martinez's motion and supporting brief, the Court concludes summary dismissal is not warranted in this case. The Court will need additional information to fairly adjudicate Leyva-Martinez's claims, but his allegations sufficiently cover both *Strickland* grounds to warrant further review. Accordingly, the United States Attorney must file an answer or other response on or before December 1, 2023. The Court will determine whether an evidentiary hearing is required after reviewing the government's response.

IT IS SO ORDERED.

Dated this 30th day of October 2023.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge

3